# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDNA D. MACK,

    Plaintiff,

v.                                                                  Case No. 06-CV-14365

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                         /

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On August 23, 2007, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R&R") recommending that this court deny Plaintiff Edna D. Mack's motion for summary judgment and grant Defendant Commissioner of Social Security's motion for summary judgment. On September 5, 2007, Plaintiff filed timely objections. Defendant filed a response to Plaintiff's objections on September 7, 2007. Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's objections, adopt the R&R, grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## I. STANDARD

### A. Substantial Evidence Standard

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). "The decision of an ALJ is reviewed to determine whether it is supported by substantial evidence and consistent with applicable law." *Pittsburgh & Conneaut Dock Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007). This judicial review is limited to the record and evidence that was before the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de*

*novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but

3

failing to raise others will not preserve all the objections a party may have."

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

The court does not believe that a lengthy recitation of the facts and procedural history is necessary, as the court's task is narrow: responding to Plaintiff's specific objections to the R&R. The court notes that Plaintiff seeks disability benefits for knee, neck and back injuries stemming from an October 7, 2003 automobile accident, (R&R at 3), and that she appeals the adverse decision of the administrative law judge ("ALJ").

### A. Objection #1

Plaintiff contends that the magistrate judge did not adequately address "whether the ALJ failed to properly analyze this case, at Step 3 of the sequential evaluation, under Listing 1.02(A)." (Pl.'s Obj. at 2.) According to Listing 1.02(A):

> *Major Dysfunction of a Joint(s) (Due to Any Cause).* Characterized by gross anatomical deformity (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02(A). Inneffective ambulation is defined as:

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation *without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities* . . . .

20 C.F.R. Pt. 404, Subpt. P, App 1, § 1.00(B)(2)(b) (emphasis added). Plaintiff takes

4

issue with the italicized language, arguing that "this criterion is not the sole requirement a person must demonstrate in order to meet the test of ineffective ambulation." (Pl.'s Obj. at 3.)

This criterion is, however, a necessary requirement for a finding of ineffective ambulation. *See Hale v. Sec'y of Health and Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987); *King v. Heckler*, 742 F.2d 968, 973-74) (6th Cir. 1984) (holding that a claimant of a listed impairment must satisfy all of the elements of that Listing). The R&R relies on substantial evidence indicating that Plaintiff did not require the use of a hand-held assistive device that limits the functioning of both upper extremities. The R&R cites record evidence indicating that Plaintiff could walk independently with a knee brace and did not indicate on her Function Report that she required a wheelchair, walker or crutches. (R&R at 17.) Further, the Magistrate judge properly deferred to the ALJ's negative credibility evaluation regarding Plaintiff's testimony in light of certain inconsistencies in the record, (R&R at 17-18). *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). Finally, the court sees no reason to disturb the magistrate judge's sound analysis supporting his conclusion that the ALJ provided an adequate articulation of the rationale for his conclusion, even in the absence of specific analysis under Listing 1.02(A). *See Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986) (holding that there is no higher standard of articulation when substantial evidence supports the ALJ's findings). For these reasons, Plaintiff's first objection is not persuasive.

### B. Objection #2

Plaintiff next argues that the R&R "did not adequately address whether the ALJ

5

failed to find that the Plaintiff had a severe impairment of cervical and lumbar radiculopathy and failed to assess limitations to this impairment." (Pl.'s Obj. at 2.) The R&R concluded that, though Plaintiff's cervical and lumbar radiculopathy are severe, they are not sufficient to support a claim for disability. (R&R at 20.) The R&R reasoned that Plaintiff's residual functional capacity ("RFC") for sedentary work with postural limitations took these ailments into account. (*Id.* at 20-21.) Plaintiff's brief objection, which cites no legal authority, counters that her RFC could have included difficulty in using upper extremities in a repetitive fashion, difficulty reaching and performing fine or gross manipulations and did not necessarily include her cervical and lumbar radiculopathy. (Pl.'s Obj. at 5.)

A claimant with a severe medical condition must nonetheless establish that the condition is severe enough to be disabling. (R&R at 20 (citing *Swann v. Chater*, No. 95-1678, 1996 WL 408508 (6th Cir., July 19, 1996) (citing *Foster v. Bowen*, 853 F.2d 483, 488 (6th Cir. 1988))).) The Magistrate judge undertook a detailed analysis of the record evidence, noting that one doctor drew a line though a question asking about the effect of Plaintiff's neck and back pain on her activities and functioning. (*Id.* at 20.) Substantial evidence supports the conclusion that Plaintiff's RFC accounted for her cervical and lumbar radiculopathy. Plaintiff's argument about what the RFC could have included says little about what it actually did include. The court rejects Plaintiff's second objection.

## C. Objection #3

Plaintiff's third objection claims that the R&R should have found error in the ALJ's refusal to give controlling weight to the opinion of Dr. Stefan Glowacki, Plaintiff's treating

6

orthopedic surgeon who opined that Plaintiff could not work due to her knee condition. (Pl.'s Obj. at 5.) The R&R acknowledged this opinion and noted that the doctor had no choice but to restrict Plaintiff from manual work because she "repeatedly declined surgery." (R&R at 14.) Plaintiff in her objections does not deny that she declined surgery. Under the circumstances, the court concludes that the R&R gave adequate solicitude to Glowacki's opinion, which by no means compelled an opposite outcome. It was merely one consideration among many in the ALJ's determination that Plaintiff is capable of a range of sedentary work, which, according to the above analysis, finds substantial supporting evidence in the record. The court will not accept Plaintiff's third objection.

### D. Objection #4

Plaintiff finally objects that the R&R failed to discount the ALJ's negative credibility determination of Plaintiff's testimony that she needed to lie down for four of every eight hours. (Pl.'s Obj. at 6.) The R&R deferred to the ALJ, stressing that no medical, clinical or diagnostic materials corroborated Plaintiff's testimony or recommended that she lie down four of every eight hours. (R&R at 21.) Plaintiff argues that her cervical and lumbar radiculopathy and severe knee condition are objective medical evidence in support of her lie-down limitation, which can also be inferred from a recent report from Dr. Glowacki. The court is not persuaded. Credibility determinations as a general matter are difficult to overturn. *See Casey*, 987 F.2d ar 1234. In this case, the ALJ articulated a reasoned basis for the adverse credibility determination and the R&R, like this court, found no grounds to conclude otherwise. Plaintiff's arguments skirt the substantial evidence standard and instead invite the court to view the record in the

light most favorable to her, which is not the applicable standard of review. Plaintiff's fourth objection therefore lacks merit.

## III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 18] are DENIED and the Magistrate Judge's August 23, 2007 report and recommendation [Dkt. # 17] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Dkt. # 14] is GRANTED and Plaintiff's Motion for Summary Judgment [Dkt. # 11] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: September 26, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 26, 2007 by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522